

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-823
> Re: Does Article 5538, R.C.S.,
> toll the limitation against
> the filing of a claim for
> refund of tax on motor fuel
> provided in Subsection (c)
> of Article 7065a-13 Vernon's
> Annotated Civil Statutes.

Under date of June 19, 1939, you submit for the opinion of this department the following question, which we quote from your letter:

> "Does Article 5538, R.C.S., lift the limitation against the filing of claim for refund of tax on motor fuel as described in Subsection (c) of Article 7065a-13?"

Article 5538, R.C.S., provides as follows:

> "In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification."

Subdivision (c) of Article 7065a-13, Vernon's Annotated Civil Statutes, provides as follows:

> "When a claimant purchases or acquires for use motor fuel upon which a refund of the tax

may be due, he shall within six (6) months from the date of purchase of motor fuels upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit on such forms as may be prescribed by the Comptroller. Said affidavit shall include a statement as to the source or place of purchase or acquisition of such motor fuel used for purposes other than in propelling motor vehicles over the highways of this State, that the information stated in the attached invoice of exemption is true and correct, and the manner in which said motor fuel was used, and that no part of said motor fuel was used in propelling motor vehicles over the highways of this State. Said affidavit shall be accompanied by the invoice of exemption above referred to, and the Comptroller may require other affidavits in such form and time as he may deem advisable, and if he finds that such claims are just, and that the taxes claimed have actually been paid by the claimant, then he shall within sixty (60) days issue warrant or warrants for the amount due claimant, but no warrant shall be paid by the State Treasurer after twelve (12) months from the date thereof, and if such warrant is not presented within twelve (12) months from the date thereof, claimant shall forfeit his right to the refund. No refund shall be made where motor fuel is used later than six (6) months from the date of purchase or appropriation and no refund shall ever be made where it appears from the invoice or from the affidavits or other evidence submitted that the sale or purchase was made more than six (6) months prior to the date of the filing of the application for refund in the office of the Comptroller. No refund of the tax shall be allowed on motor fuel used in any registered or licensed motor vehicle or in any motor vehicle operated or intended to be operated in whole or in part upon any of the highways, roads and streets of this State."

Article 5538, R.C.S., was clearly designed to stop the running of the statutes of limitation for a certain period after the death of any person in whose favor a cause of action existed until such time as a representative person became qualified and empowered to protect his interests in such cause of action. Its operative effect is limited solely to pure statutes of limitation, and the question, therefore, to be determined is whether or not the statutory time fixed by Subsection (c) of Article 7065a-13, Vernon's Annotated Civil Statutes, hereinabove quoted, is to be regarded as a limitation period for the bringing of actions so as to make such statute a statute of limitation.

The term "limitation" means the term at the end of which no action at law or suit in equity can be maintained. Statutes of limitation are statutes of repose, their function and purpose being to prescribe fixed periods within which actions may be prosecuted. 28 Tex. Jur. p. 77-78.

The refund of the motor fuel tax to certain favored persons or classes of persons using motor fuel in stationary gas engines, tractors used for agricultural purposes, motor boats, aircraft, etc., is not a matter of right, to enforce which a cause of action will lie, but rather is a concession or matter of grace at the hands of the Legislature, which can be at any time withdrawn. It is elementary that sovereignty is not subject to suit, except by its consent, and no consent appearing in the Refund Statute under consideration, or elsewhere, how can it be said that persons having and holding a claim for refund of motor fuel taxes are persons "in whose favor there may be a cause of action", within the language of Article 5538, R. C. S., so as to make the terms of such statute operative against the time limit fixed under the Refund provisions of the Motor Fuel Tax Law, for the filing of refund claims.

Subdivision (c) of Article 7065a-13, Vernon's Annotated Civil Statutes, merely fixes a special statutory time or limitation qualifying the refund privilege accorded thereby, in contradistinction to general statutes of limitation for the filing of causes of action of designated types. This distinction is pointed out by the authorities as follows:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is

made an essence of the right created and
the limitation is an inherent part of the
statute or agreement out of which the right
in question arises, so that there is no
right of action whatever independent of the
limitation. A lapse of the statutory per-
iod operates, therefore, to extinguish the
right altogether. To such limitations the
rules of law governing pure statutes of limi-
tation, applicable to all classes of actions,
have no application; they are to be determined
by the law of the place under which the right
of action arose or the contract was made, and
are not to be treated as waived merely because
they are not specially pleaded. They are not
subject to the disabilities and excuses through
which the effect of ordinary statutes of limi-
tation may be avoided, nor, it seems, can they
be evaded even by proof of fraud. Whether a
particular limitation of time is to be regard-
ed as a part of the general statute of limita-
tions or as a qualification of a particular
right must be determined from the language em-
ployed and from the connection in which it is
used." 37 C. J. p. 686; 1 Wood on Limitation
(2d ed.) p. 1; Peters v. Hanger, 134 Fed. 586.

It is our conclusion that your question should be
answered in the negative, and that Article 5538, R. C. S.,
does not toll or stop the running of the limitation period
fixed by Subsection (c) of Article 7065a-13, Vernon's An-
notated Civil Statutes, for the filing of refund claims.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN